IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-cr-00213-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATTHEW VERNON,

    Defendant.

## ORDER OF DETENTION

    This matter was before the Court for a detention hearing on June 28, 2021. Assistant United States Attorney Garreth Winstead represented the government, and Natalie Stricklin represented the Defendant.  The Defendant contested detention.

    The Court has concluded, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of other persons, based on the attached findings.

    IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 28th of June, 2021.

By the Court:

S/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

United States v. Matthew Vernon
Case No. 21-cr-00213-WJM

FINDINGS OF FACT, CONCLUSIONS OF LAW, and
REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the court's file, the Bail Report, the letters submitted on behalf of Defendant, and the comments of counsel.  Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Indictment which has issued in this case charges Defendant with felon in possession of a firearm; possession with intent to distribute heroin; and use of a firearm in a drug trafficking crime.  There is a presumption of detention here.

Second, based on the Indictment, there is probable cause for the charge.

Third, Defendant presents a risk to others for the following reasons: As is clear from the record, Mr. Vernon has a long and sustained criminal record, starting at age 14 (1995) and continuing almost yearly until today.  His record from his juvenile and late teen years includes felony menacing, carrying a deadly weapon at a school, DUI (at age 16), minor in possession, possession, driving without a license, another DUI (age 17), another weapon conviction, etc.  His adult history includes DUIs, driving under restraint, harassment, assault, harassment, vehicular eluding (felony), a "bias-motivated" bodily injury felony, menacing with a weapon felony, assault, and several possession charges.  Three or four of the convictions occurred while on probation from other crimes.  I appreciate the love and support his family and friends are showing for him, and I encourage them to not abandon Mr. Vernon during his time in need, but on this record the presumption of detention has not been overcome.

As a result, after considering all of these factors, I conclude there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of others, and Defendant is remanded to the custody of the U.S. Marshal.