IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 21-cr-00213-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

**MATTHEW VERNON,**

       **Defendant.**

_____

**DEFENDANT'S AMENDED[1] UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED TEN (110) DAYS FROM THE SPEEDY TRIAL ACT**
_____

MR. MATTHEW VERNON, by and through counsel, Timothy P. O'Hara, Assistant Federal Public Defender, respectfully moves this Court for an Order excluding one hundred ten (110) days from the speedy trial time limitations and vacating the motions deadline (July 28, 2021), Final Trial Preparation Conference (August 23, 2021), and Jury Trial date (August 30, 2021).  The government does not oppose the present Motion.

**I.**    **Procedural Background**

1.    On June 18, 2021, the government filed a Criminal Complaint in the District of Colorado, alleging violations of 18 U.S.C. § 922(g)(1), 18 U.S.C. §924(c), and

---

[1] In the prior version of the present Unopposed Motion, undersigned counsel inadvertently failed to edit appropriately and the amount of time for the request appeared inconsistent.  The error has been corrected here.

21 U.S.C. §841(a)(1) and (b)(1)(B).  *See* Doc. 1.  An Arrest Warrant was issued the same day.  *See* Doc. 2.

2. On June 23, 2021, the government filed a three-count Indictment alleging the same three offenses found in the Criminal Complaint.  *See* Doc. 3.

3. On or about June 24, 2021, Mr. Vernon was arrested.  He appeared before the Honorable Magistrate Judge Michael E. Hegarty in the District of Colorado for an Initial Appearance.  *See* Doc. 6.  The Court appointed counsel to represent him at that time.  *See* Docs. 6 & 8.

4. On June 25, 2021, undersigned counsel filed a Notice of Appearance.  *See* Doc. 9.

5. On June 28, 2021, Mr. Vernon appeared before Magistrate Judge Hegarty.  *See* Doc. 11.  Defense counsel entered a plea of "Not Guilty" on Mr. Vernon's behalf and the Court executed the Discovery Conference Memorandum.  *See id.*  At that time, the parties contested the issue of detention.  *See id.*   Magistrate Judge Hegarty ordered Mr. Vernon to be detained.  *See id.*

6. On June 30, 2021, this Honorable Court entered an Order with the following pertinent dates for the case:

   a) Pretrial Motions Deadline: July 28, 2021;
   b) Final Trial Preparation Conference: August 23, 2021;
   c) Three-day Jury Trial Date: August 30, 2021.

*See* Doc. 14.

7. On July 12, 2021, the government provided initial discovery to undersigned counsel, consisting of:

a) 295 pages (8 pages of police reports, 14 pages of criminal history information, and 273 pages of photos taken during the execution of a search warrant)

b) 3 video files with footage totaling nearly three and a half hours.

8. Undersigned counsel has conducted an initial review of the written and video discovery materials tendered by the government.

Speedy Trial Calculation

9. Thirty-three days have passed since Mr. Vernon appeared on June 24, 2021, not including June 24th or the date of the present filing. As a result, thirty-seven days remain on the original 70-day period. The original speedy trial date ("70-day date") is August 30, 2021. An extension of 110 days would move the 70-day date to approximately December 18, 2021.[2]

Justification for an Extension

10. A summary of the government's alleged evidence[3] is as follows:

In the early morning hours of June 17, 2021, state and federal law enforcement officers executed a search warrant at 4025 Jet Wing Place in Colorado Springs, Colorado. Mr. Vernon was at the residence and was arrested. Inside the residence, officers located suspected narcotics (approximately 650 grams of suspected heroin and approximately ten grams of suspected methamphetamine) and three firearms.

Mr. Vernon went to the Sand Creek Substation in Colorado Springs and spoke with detectives from the Colorado Springs Police Department. Mr. Vernon is alleged to have made incriminating statements during the interview.

---

[2] An exclusion of 110 days from today's date would go until November 15, 2021. Thirty-three days after that date would be December 18, 2021.
[3] The factual information presented herein is derived from the police reports tendered by the government in discovery and are by no means admissions by Mr. Vernon about how the events actually transpired.

3

11. Based on the discovery materials, the charges, and undersigned counsel's experience in defending criminal cases, undersigned counsel has identified four tasks that will be necessary to complete in order to represent Mr. Vernon effectively.

12. First, additional time is required to complete the discovery process, i.e. to obtain and review all discoverable materials, and then to review those materials with Mr. Vernon. The materials initially disclosed by the government are only the preliminary police reports and some of the photos taken as part of the execution of the search warrant. A significant portion of the discovery materials remains outstanding.

13. When undersigned counsel inquired about various portions of outstanding discovery, the government informed undersigned counsel that some additional evidence pertaining to the present charges will be disclosed this week and additional materials likely will be disclosed by the end of next week.

14. Second, undersigned counsel must investigate the allegations contained in the Indictment as well as any evidence that may be considered relevant conduct and/or Federal Rule of Evidence 404(b) evidence. At this point, the scope of the investigation is unknown because a majority of the investigative reports, including the search warrant, have not yet been disclosed. As a result, the exact amount of investigation that will be necessary is unclear, but nonetheless in a case of this type it is expected to be substantial. Once undersigned counsel receives a copy of the search warrant used to enter the residence on Jet Wing Place, undersigned counsel will scrutinize its contents in order to determine the veracity of the information contained within. This may include interviewing witnesses and traveling to Colorado Springs to conduct additional investigation.

15. Third, undersigned counsel must research potential pre-trial motions. Of particular importance to the present case will be researching the admissibility of Mr. Vernon's post-arrest statements to police and the validity of the search warrant.

16. Fourth, undersigned counsel must consult with Mr. Vernon in order to determine if a jury trial is the best option for him in the present case. If Mr. Vernon decides to request a jury trial, undersigned counsel must prepare for the trial. Preparation for trial is a massive undertaking, requiring the preparation of legal arguments, examinations, and jury instructions, as well as the coordination of witnesses and exhibits. Mr. Vernon is in custody and so consultation will be more time consuming than if undersigned counsel were able to arrange meetings outside of custody.

17. If Mr. Vernon is not interested in a trial, undersigned counsel must attempt to negotiate a potential disposition with the government, which includes a negotiation of the relevant facts, law, and sentencing guidelines.

18. The present case involves very serious felony offenses and two counts are punishable by mandatory minimum sentences, one of which must run consecutive to all other sentences. The third count is punishable by a term of imprisonment up to 10 years.

19. Undersigned counsel contacted the government about the present motion. The government has no objection to an extension as requested herein.

20. Undersigned counsel advised Mr. Vernon of the requested continuance. He also has no objection.

## II.     Standard for Continuances

21.     Title 18 U.S.C. §3161(h)(7)(A) provides that a Court shall exclude a period of delay from computing the time within which a trial must commence where "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv).

22.     Pertinent factors that apply to an "ends of justice" finding in the present case include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

See 18 U.S.C. §1361(h)(7)(B)(Westlaw 2014). See also, United States v. Toombs, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

23.     In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider. See United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the

6

harm that could be suffered as a result of the court's denial of the continuance. *See id.* No single factor is determinative. *See id.*

24. The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

### III. Argument

25. This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, undersigned counsel requests that this Court continue the trial, vacate current deadlines, and exclude 110 days from the speedy trial calculations.

26. Undersigned counsel is not requesting a finding of complexity under subsections (h)(7)(B)(ii) or (iii), but rather, is requesting a determination that the ends of justice will be served by the granting of the requested continuance because "the failure to grant such a continuance in the proceeding would . . . result in a miscarriage of justice" and "would deny counsel for the defendant . . . reasonable time necessary for effective preparation." 18 U.S.C. §3161(h)(7)(B)(iv).

27. Undersigned counsel requires 110 days to coordinate the disclosure of outstanding discovery materials with the government, review the discovery materials

with Mr. Vernon, conduct necessary pre-trial investigation, research the aforementioned legal issues, prepare appropriate pre-trial motions, and prepare for trial or negotiate a favorable disposition with the government on Mr. Vernon's behalf.

28. Neither Mr. Vernon nor the government object to the requested continuance.

29. The failure to grant the requested continuance in the present case would result in a miscarriage of justice and would also deny undersigned counsel the reasonable time necessary for effective preparation pursuant to 18 U.S.C. §3161(h)(7)(B)(i) and (iv).

30. Finally, a continuance for 110 days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

31. Undersigned counsel has, and will continue to, diligently pursue the defense of this case. However, the nature and facts of the case are such that no amount of diligent work can insure effective assistance of counsel prior to the motions deadline nor prior to the trial date as contemplated by the current speedy trial time-frame. Undersigned counsel has only represented Mr. Vernon for about 30 days – more time is appropriate to ensure that he receives effective representation in a case of this magnitude.

32. Undersigned counsel believes that the requested extension would serve the requested purpose and allow for the completion of discovery as well as the necessary preparation for motions and trial.

33. The present request is undersigned counsel's first request for additional time under the Speedy Trial Act in the present case.

WHEREFORE, undersigned counsel respectfully requests that this Court issue an Order excluding 110 days from the speedy trial time limitations, vacating current deadlines and the trial date, and setting a new trial date in mid-December of 2021.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

s/ *Timothy P. O'Hara*
TIMOTHY P. O'HARA
Assistant Federal Public Defender
633 Seventeenth Street, Suite 1000
Denver, Colorado  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Timothy_OHara@fd.org
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2021, I electronically filed the foregoing

**DEFENDANT'S AMENDED UNOPPOSED MOTION TO EXCLUDE
ONE HUNDRED TEN (110) DAYS FROM THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Garreth Winstead
    Assistant United States Attorney
    Email: Garreth.Winstead@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mr. Matthew Vernon (U.S. Mail)


    s/ *Timothy P. O'Hara*
    TIMOTHY P. O'HARA
    Assistant Federal Public Defender
    633 Seventeenth Street, Suite 1000
    Denver, Colorado 80202
    Telephone: (303) 294-7002
    FAX: (303) 294-1192
    Timothy_OHara@fd.org
    Attorney for Defendant