IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00213-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MATTHEW VERNON

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America (the government), by and through Garreth Winstead, Assistant United States Attorney for the District of Colorado, and the defendant, Matthew Vernon, personally and by counsel, Timothy P. O'Hara, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1 and Fed.R.Crim.P.11(c)(1)(A) and (B). This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

## I.    AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1)    plead guilty to Counts 2 and 3 of the Indictment charging violations of possession with intent to distribute 100 grams or more of a mixture and substance containing heroin in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(i), and possession of a firearm in furtherance of drug trafficking offense in violation of Title 18, United States Code, Section 924(c)(1)(A)(i);

(2)    waive certain appellate and collateral attack rights, as explained in detail below; and

(3)    agree not to contest forfeiture as more fully described below.

Page 1 of 10

Court Exhibit

1

21-cr-00213

**B. Government's Obligations:**

The government:

(1)      agrees to recommend a sentence of 10 years.

(2)      agrees to move to dismiss Count 1 of the Indictment with prejudice.  Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court.

(3)      Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1)      the sentence exceeds the maximum sentence provided in the statutes of conviction;

(2)      the sentence exceeds 10 years; or

(3)      the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence.  But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1)     the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2)     the defendant was deprived of the effective assistance of counsel; or

(3)     the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings.  In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

**D.** **Forfeiture of assets**:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily  any and all assets and property, or portions thereof, subject to forfeiture and not the subject of 20-cv-02756-PAB-KLM, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c) whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere.  The assets to be forfeited specifically include, but are not limited to: any firearm and ammunition involved in the commission of the offense, including but not limited to the following:  (1) an AR15 style Black Rain Ordnance Fallout15 bearing serial number BR008374; (2) A Glock 42 .380 caliber handgun, (3) A Ruger 10/22 .22LR rifle bearing serial number 82833479; and (4) all recovered ammunition.  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.   The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames.  The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e). Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

The defendant also agrees that the above-described property, which was seized from the defendant for evidentiary purposes in connection with the present case, and which is currently in the custody or control of the Colorado Springs Police Department, was lawfully seized and that it is evidence, contraband, or fruits of the crimes to which the defendant is pleading guilty.  The defendant, as sole and rightful owner, relinquishes and abandons all claims, title, and interest the defendant has in such property with the understanding and consent that the Colorado Springs Police Department may dispose of the property without further obligations.

## II.    ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of 21 U.S.C. § 841(a)(1) & (b)(1)(B), possession with intent to distribute more than 100 grams of heroin are as follows:

*First*,     the defendant knowingly or intentionally possessed a controlled substance as charged.

*Second*,   the substance was in fact heroin.

*Third*,     the defendant possessed the substance with the intent to distribute it.

*Fourth*,    the amount of controlled substance possessed by the defendant was at least 100 grams or more of a mixture and substance containing a detectable amount of heroin.

The parties agree that the elements of 18 U.S.C. § 924(c)(1)(A)(i), possession of a firearm in furtherance of a drug trafficking crime, are as follows:

*First*,     the defendant committed the crime of possession with intent to distribute a controlled substance, as charged in the indictment, which is a drug trafficking crime.

*Second*,   the defendant possessed a firearm in furtherance of this crime.

### III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 2 of the Indictment is: not less than 5 years nor more than 40 years' imprisonment; not more than a $5,000,000 fine, or both; not less than 4 years and no more than life of supervised release; and a $100 special assessment.

The maximum sentence for a violation of Count 3 of the Indictment is: not less than 5 years nor more than life imprisonment, consecutive to any other sentence; not more than a $250,000 fine or both; not more than 5 years supervised release; and a $100 special assessment.

### IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate that the following facts are true and correct:

**On June 17, 2021, law enforcement executed a federal search warrant at the defendant's residence; 4025 Jet Wing Pl., Colorado Springs, Colorado.   Investigators**

recovered approximately 600 grams of heroin from the closet on the upper level of Mr.

Vernon's residence.  In the master bedroom, investigators recovered the following:

- Approximately 44 grams of a brown tar like substance that later field tested presumptively positive for the presence of heroin.

- a white crystalline substance, some of which field-tested presumptively positive for the presence of methamphetamine.  The parties agree that the methamphetamine found in the bedroom was for personal use and should not influence the guideline calculation.  *See United States v. Wilson*, 2021 WL 5183523, at *4 (10th Cir. 2021).

- A digital scale and a cash counter

- A Ruger 10/22 .22LR rifle bearing serial number 82833479. The Ruger had a magazine inserted in the rifle with several rounds of ammunition, but no round in the chamber.

In the basement of the residence, investigators recovered two firearms:

- Behind a couch, and within a black plastic case, an AR15 style Black Rain Ordnance Fallout15 bearing serial number BR008374 with several loaded 30-round .223/5.56 caliber magazines.  There was no round in the chamber, and no magazine inserted into the AR15.

- A Glock 42 .380 handgun was recovered from a dirty laundry basket.  The magazine for the Glock 42 was empty.

In a vehicle outside the residence, investigators recovered additional methamphetamine.  The parties agree that this methamphetamine does not constitute relevant conduct as defined under USSG §1B1.3.

After the discovery of items listed above, the defendant was arrested and

transported to the Colorado Springs Police Department (CSPD) Sand Creek Substation.

At the CSPD, the defendant waived his Miranda rights and agreed to speak with

investigators.  The defendant stated he and his son are the only occupants of 4025 Jet Wing

Pl.  No other individuals have a key or have access to the residence.  The defendant knew

he could not legally possess a firearm.  He admitted he had an AR15 rifle, but thought the

rifle was in the attic, and stated the rifle was in the house when he moved in.  The

defendant later recalled moving the AR15 from the attic to the basement.   The defendant admitted he had a .22 rifle in his bedroom that he stated he acquired during the repossession of a vehicle.  The defendant also stated that he acquired some heroin and methamphetamine at the same time he acquired the .22 rifle, which was also in his bedroom.  The defendant denied knowledge of the Glock 42 handgun in the basement.

The defendant possessed the heroin with the intent to distribute it.  The defendant also possessed some or all of the firearms in furtherance of his possession of the heroin.

The firearms and ammunition crossed state lines prior to the defendant possessing them.  They functioned as designed.  All of the events occurred in the District of Colorado.

## VI.   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate.  The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range.  To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

    a)      Under Section 2D1.1(a)(5) and (c)(7) the base offense level is 26 because the defendant possessed between 400 and 700 grams of heroin.

b)    There are two additional levels for maintaining a premises for the purpose of distributing a controlled substance, pursuant to 2D1.1(b)(12)..[1]

c)    The adjusted offense level is 28.

d)    The defendant should receive a three level downward adjustment for acceptance of responsibility.  The resulting total offense level is 25.

e)    The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions.  The parties estimate that the defendant is in criminal history category IV.

f)    The career offender adjustment and armed career criminal enhancement do not apply.

g)    The advisory guideline range resulting from these calculations is either 84-105 months (government's calculation) or 70-87 months (defendant's calculation).  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 60 months (mandatory minimum) to 137 months (top of Category VI).  The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

h)    Count 3 imposes a sentence of 60 months, consecutive to any other sentence.  Accordingly, adding that count to the guideline calculations above, the advisory guideline range becomes **144-165 months (government's calculation) or 130-147 months (defendant's calculation)**.

i)    Pursuant to guideline § 5E1.2, assuming the estimated offense levels above are correct, the fine range for this offense would be $ 20,000 to $ 200,000, plus applicable interest and penalties.

j)    Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term should be at least 2 years and not more than five years as to both Counts 2 and 3.

The parties understand that the Court is free, upon consideration and proper application

of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in

---

[1] The defendant objects to the enhancement for maintaining a premises for the purpose of distributing a controlled substance pursuant to USSG §2D1.1(b)(12).

the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any *18 U.S.C. § 3553* factor.

## VII.   ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 12/29/21          x _____
                            Matthew Vernon
                            Defendant

Date: 12/29/21          _____
                            Timothy P. O'Hara
                            Attorney for Defendant

Date: 12/29/21          _____ (Albert Buchman) for
                            Garreth Winstead
                            Assistant U.S. Attorney