IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-00213-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  MATTHEW VERNON,

    Defendant.

_____

**UNITED STATES' RESPONSE TO THE DEFENDANT'S OBJECTIONS/CLARIFICATIONS TO THE PRESENCE INVESTIGATION REPORT (PSIR) [ECF-31]**
_____

The United States, through undersigned counsel hereby submits its response to the defendant's objections/clarifications to the presentence investigation report (PSIR) [ECF-31].

**I.**    **Response to defendant's objection to paragraphs 17 and 23**

The government agrees that the base offense level for the controlled substances should be 26, as estimated in the plea agreement.  The government will honor its agreement not to seek inclusion of the quantity of methamphetamine recovered from the defendant's vehicle in the calculation of the base offense level under 2D1.1.  *see* [ECF-24, p.7].  Beyond being bound by the agreement, the government believes that position is correct on the merits for the reasons the defendant discusses in his written objection.  Furthermore, the defendant's alternative calculation using the actual quantities of

controlled substances derived from the formal lab report seems correct and suggests that the base offense level should be 26 even if the methamphetamine from the car is counted based on the slightly lower confirmed amounts of all of the controlled substances (which it shouldn't be).

## II.     Response to the defendant's objection to paragraph 24

The government agrees with probation that the enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance applies. U.S.S.G. 2D1.1(b)(12).  In addition to using a premises for manufacturing or distributing controlled substances, this special offense characteristic is triggered when a defendant stores a controlled substance for the purpose of distribution. U.S.S.G. 2D1.1, Application Note 17.  Among other factors, the guidelines direct a court to consider, (A) whether the defendant held a possessory interest in (e.g. owned or rented) the premises, and (B) the extent to which the defendant controlled access to, or activities at, the premises. *Id*.  Here, the defendant rented the premises and maintained significant control over the activities at the premises.  The defendant admitted he rented and lived at the residence. [ECF-31, p.5].  Additionally, in the plea agreement he stipulated to his prior admission that he and his son were the only occupants of the residence and that no other individuals have a key or have access to the residence. [ECF-24, p.7].  In addition to the large amount of heroin recovered, law enforcement also recovered numerous firearms throughout the house which were possessed in furtherance of his drug trafficking. [ECF-24, p.8].  Additionally, other indicia of distribution were located in the house including a digital scale and a cash counter.  The government disagrees with the defendant's contention that possession of the scale in the home is as necessary for a drug user as a drug dealer.  It is much more

likely to be located inside the residence if used related to distribution. There would be little reason for the defendant to have the scale in his home if he intended on consuming controlled substances there. And the defendant makes no effort to address the presence of the cash counting machine or how it is consistent with personal use, for obvious reasons. The presence of these items strongly suggests the defendant used the premises for significant aspects of his drug distribution activity.

The defendant's reliance on *United States v. Murphy*, 901 F.3d 1185 (10th Cir. 2018) is misplaced because that case supports the application of the enhancement under U.S.S.G. 2D1.1(b)(12). As the Tenth Circuit explains in *Murphy*, the enhancement "admits to no exception because the premises is the defendant's home." *Id*. at 1190. Furthermore, the rule requires *consideration* of lawful and unlawful use, not *comparison*, between the two. *Id*. at 1191. The *Murphy* court explained:

> Most people do not occupy their home 100% of the time; they spend much time at work, on vacation, running errands, pursuing social activities, etc. While a home may not be occupied 100% of the time, it is considered to be a home 100% of the time in that it is always available to the owner (or renter), it contains most of the owner's possessions, and it is a safe haven. That same reasoning is apt in multiple use situations. Actual drug dealing may not be a constant in a home, but the home may well serve as a safe place to store drugs, cash derived from drug sales (thereby shielding it from official notice), and tools of the trade (such as equipment related to selling drugs and firearms), as well as serve as a headquarters for drug-related operations. With that in mind, one may <u>use</u> his home (in the broad sense of the word) for lawful purposes 100% of the time and also <u>use</u> it (in the same broad sense of the word) for unlawful drug activity 100% of the time. In other words, both simultaneous uses may well be primary.

*Id.*

Consideration of the totality of circumstances, including the type and quantity of drugs along with the other items utilized for distribution demonstrate that the defendant's drug dealing activities were indeed a primary use of his home. Thus, the Court should

3

include the two level increase for maintaining a premises for manufacturing or distributing a controlled substance.

With that enhancement, the final offense level should be 25. With an offense level of 25 and a criminal history category of VI, the advisory guideline range is 110-137 months incarceration plus 60 months for Count 3, resulting in a total advisory guideline range of 170-197 months incarceration.

### III.   Response to the defendant's second objection to paragraph 17

The government does not intend to present any additional evidence related to the information provided by the two confidential sources described in paragraph 17.

Dated this 18th day of May, 2022.

Respectfully submitted,

Cole Finegan
United States Attorney

BY:*/s/ Daniel R. McIntyre*
Daniel R McIntyre
Assistant United States Attorney
United States Attorney's Office
District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202
Telephone (303) 454-0100
Fax (303) 454-0405
Email: Daniel.McIntyre@usdoj.gov
Attorney for the Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2022, I electronically filed the foregoing **UNITED STATES' RESPONSE TO THE DEFENDANT'S OBJECTIONS/ CLARIFICATIONS TO THE PRESENTENCE INVESTIGATION REPORT (PSIR) [ECF-31]** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Ian McCandless*
Legal Assistant